[629 NYS2d 246]

In the Matter of HARRY J. GREENBAUM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 13, 1995

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jerome Karp, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Harry J. Greenbaum was admitted to the practice of law in the State of New York in the First Judicial

Department on May 12, 1975 and at all times relevant to the matters herein has maintained an office for the practice of law in this Department. The charges filed against the respondent alleged that he was guilty of serious professional misconduct involving deliberate dishonest behavior toward two complainants.

Counts one through four of the charges involve the respondent's actions taken in connection with his inducing the first complainant to invest in a mortgage on certain real property, where the respondent represented the owner/mortgagor. The facts adduced at the hearing demonstrate that while respondent had an attorney-client relationship with this complainant, having represented her on a matter previously, he apparently was not further retained by the complainant after that engagement ceased. He did, however, maintain a business relationship with her. The record shows that the respondent had failed to advise this complainant that he represented the mortgagor on two prior occasions when he induced this complainant to invest in mortgages on premises owned by this same individual. In connection with the third mortgage deal, it was demonstrated that the respondent not only failed to advise the complainant that he represented this same mortgagor, but also failed to advise the complainant of the premises' troubled financial history and affirmatively misrepresented the priority of the mortgage the complainant was investing in. In addition, it was found that the respondent willfully failed to advise the complainant that the City had a tax lien on the premises and that an auction sale of the premises would occur. Respondent also failed to advise the complainant of the outcome of the auction sale.

While the Hearing Panel concluded that staff counsel had not met its burden of establishing an attorney-client relationship between the respondent and this complainant in connection with these charges, it sustained counts one and two, which charged the respondent with conduct involving fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) and conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (6) (now [8]), respectively. However, the portion of count one which charged the respondent with a violation of DR 1-102 (A) (4) by failing to advise the complainant of his dual role as counsel for the mortgagor, was not sustained due to the lack of an attorney-client relationship between this complainant and the respondent at the time. Counts three and

four were similarly dismissed due to the lack of an attorney-client relationship.

Counts five through eight of the charges were filed against the respondent in connection with his representation of the second complainant's infant son in a personal injury action. The complainant's son fell while playing in a school yard and broke his arm. The record demonstrates that the respondent delayed in filing the summons and complaint and neglected the action by, *inter alia,* failing to respond to the municipality's demand for discovery and a bill of particulars. The respondent also falsely represented to the client that the matter was pending when it had not yet been commenced and falsely stated that he had filed the necessary documents when he had not. The Hearing Panel sustained charges five, six, seven and eight, which charged the respondent with conduct involving dishonesty, fraud, deceit and misrepresentation in violation of DR 1-102 (A) (4), conduct which adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (7) (now [8]), neglect of a legal matter in violation of DR 6-101 (A) (3) and intentionally failing to carry out a contract of employment in violation of DR 7-101 (A) (2), respectively.

Upon our review of this matter, we find that there was ample evidence to support the Panel's findings with respect to the various charges sustained. It is evident that the respondent lacked candor when testifying before the Committee and offered nothing in mitigation of his conduct. Furthermore, we note that a prior admonition has been issued against this respondent. We find that there is also no basis to grant the respondent's cross motion for an order reopening the hearing or in the alternative disaffirming the Hearing Panel's recommended sanction.

Accordingly, the Departmental Disciplinary Committee's petition is granted, the report of the Hearing Panel is confirmed, the respondent's cross motion is denied in its entirety and the respondent is hereby suspended from the practice of law for a period of two years, effective immediately.

SULLIVAN, J. P., ROSENBERGER, WALLACH, ROSS and ASCH, JJ., concur.

Petition granted to the extent of confirming the Hearing Panel's report and recommendation, denying respondent's cross motion in its entirety, and suspending respondent from practice for a period of two years, effective immediately, and until the further order of this Court.